UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>MARK J. BOUCHER, et al.<br><br>Defendants. | Case No.: 20cv1650-DMS (MSB)<br><br>**ORDER DENYING DEFENDANTS' MOTION TO VACATE EARLY NEUTRAL EVALUATION CONFERENCE [ECF No. 10]** |

The Court now considers "Defendants' Mark Boucher and Strategic Wealth Advisor Group Services, Inc.'s Unopposed Motion to Cancel Early Neutral Evaluation (ENE) Conference and/or, in the Alternative, Waive or Excuse Defendants' and Counsel's Attendance at the ENE for Good Cause" ("Defendants' Motion"), filed on December 8, 2020.  (ECF No. 10.)  For the reasons explained below, the Court **DENIES** Defendants' Motion in its entirety.

Defendants' Motion seeks to vacate the ENE because such a conference will not be productive considering anticipated forthcoming criminal indictments against Defendants for the same conduct at-issue in this case.  (Id. at 2, 4.)  Defendants assert their ability to have a "candid and open discussion required in an ENE conference will be hampered by Defendants['] legitimate concerns over their imminent desire to protect

their constitutional rights under the 5th Amendment of the U.S. Constitution." (Id. at 4.) Analogizing the current matter to that of whether a Court should "stay civil proceedings in the face of parallel criminal proceedings," Defendants argue that cancelling the ENE is appropriate because the Court will avoid an unproductive meeting and "heavy and crippling" burden on Defendants, therefore preserving judicial efficiency and resources, and serving the interests of non-parties. (Id. at 5-6.) Counsel for Defendants indicates that Plaintiff's counsel does not oppose a motion to vacate the ENE. (Id. at 7.)

The Court's appraisal of the burden and usefulness of an ENE, generally and in the circumstances presented, differs from Defendants'. First, given the fact that the Court ordered this ENE to be conducted via video conference, the burden of appearing is minimal for counsel and the parties, who do not need to physically present themselves for a conference. Further, immediately following the ENE, the Court has scheduled a video Case Management Conference immediately following the ENE that requires the participation of counsel; Defendants' counsel will be appearing via Zoom at the time of the scheduled ENE regardless of the Court's ruling on Defendants' Motion. Consequently, if the ENE is quite short, the only extra burden will be Defendants' brief video appearance. Additionally, most of the ENE is conducted in breakout rooms, with parties separated from one another, and the ENE conference is "informal, off the record, privileged, and confidential." CivLR 16.1(c)(1)(b); (see also ECF No. ECF No. 6 at 1.) The Court believes that Defendants' counsel can protect Defendants' 5th Amendment rights in the context of the ENE.

The Court weighs this reduced burden against the ENE's potential usefulness. In the first instance, the Court values the ENE as an opportunity to begin a relationship with parties and their counsel, which serves all involved for the duration of the case. The parties and counsel may also build a rapport with one another. Second, the flow of information is not only from Defendants to Plaintiff, and Defendants and their counsel may learn information that is useful to them in resolving this and/or related cases.

///

Finally, there may be non-privileged information that Defendants would choose to convey to Plaintiff that could progress this case.

The Court finds that the potential usefulness of the ENE far outweighs the minimal burden, and that there is not good cause to vacate the ENE conference required by Civil Local Rule 16.1.  Defendants' Motion is therefore **DENIED**.  Defendants are **ORDERED** to lodge their ENE statement(s) and provide attendees' emails and contact information necessary for the conference, (see ECF No. 6 (requiring these submissions no later than December 8, 2020), no later than **December 11, 2020**.

**IT IS SO ORDERED**.

Dated:  December 9, 2020

Honorable Michael S. Berg
United States Magistrate Judge