UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>MARK J. BOUCHER; STRATEGIC WEALTH ADVISOR GROUP SERVICES, INC.,<br><br>　　　　　　　　　　　　Defendants. | Case No.:  20-cv-1650-DMS-MSB<br><br>**ORDER (1) GRANTING THE UNITED STATES' MOTION TO INTERVENE, (2) DENYING THE UNITED STATES' MOTION TO STAY PROCEEDINGS** |

　　　Pending before the Court are the United States' motions to intervene and to stay proceedings in this case, brought by and through the U.S. Attorney's Office for the Southern District of California ("USAO").  Defendants Mark J. Boucher ("Boucher") and Strategic Wealth Advisor Group Services, Inc. ("SWAG") filed an opposition.  Plaintiff Securities and Exchange Commission ("SEC") takes no position on the motions. For the following reasons, the motion to intervene is granted and the motion to stay is denied.

　　　/ / /

　　　/ / /

　　　/ / /

1

# I.
# BACKGROUND

This case arises out of an alleged fraudulent scheme by Defendant Boucher, a professional investment advisor, and his investment advisory firm, Defendant Strategic Wealth Group Services, Inc., to misappropriate over $2 million from three of his clients. (*See* Compl., ECF No. 1, at ¶¶ 4–12.) On August 25, 2020, the SEC filed a civil complaint charging Defendants with violating a number of antifraud provisions under the Securities Act of 1933 and the Securities Exchange Act of 1934. (*See* Compl., ECF No. 1.) Defendants filed an answer on November 9, 2020. (ECF No. 5.) Following the December 15, 2020 Case Management Conference, the Magistrate Judge issued a Scheduling Order Regulating Discovery and Other Pre-Trial Proceedings. (ECF Nos. 12, 13.) The Scheduling Order set forth several discovery deadlines, including a fact discovery deadline of May 13, 2021, and an expert discovery deadline of September 6, 2021. (ECF No. 13 at ¶¶ 4, 8.)

According to the USAO, in March 2020, the SEC referred the Boucher matter to the Federal Bureau of Investigation ("FBI") and the USAO in this District for criminal investigation. (ECF No. 15 at 5.) As of the date of this Order, no criminal charges have been filed against Boucher, but the USAO "expects to make charging decisions by the end of March 2021." (*Id.*)

On December 28, 2020, the USAO filed the present motion, arguing this case presents a "nearly complete factual overlap" with the pending criminal investigation, and therefore the Court should stay this civil case pending the outcome of any criminal proceeding. (ECF No. 15 at 2.)

# II.
# DISCUSSION

The USAO moves to intervene and to stay proceedings. The Court addresses each motion in turn.

### A. Motion to Intervene

The USAO argues its intervention is appropriate under Federal Rule of Civil Procedure 24. Pursuant to Federal Rule of Civil Procedure 24(a)(2), the Court must permit anyone to intervene as of right where the applicant "claims an interest relating to the . . . transaction that is the subject of the action," and "disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." The Court may also permit an applicant to intervene when the applicant "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B).

Here, the USAO claims an interest relating to civil discovery in the present case, specifically, the need to prevent the exposure of sensitive information relevant to the anticipated criminal proceeding, and thus argues intervention under Rule 24(a) is warranted. The USAO contends permissive intervention under Rule 24(b) is equally appropriate because this case and the anticipated criminal case will raise factual and legal questions that are the same or very similar. Defendants argue the USAO has failed to meet its burden to demonstrate its right of intervention and that it is premature for the USAO to assert that common questions of law and fact exist when no criminal charges against Boucher have yet been filed.

"It is well established that the United States Attorney may intervene in a federal civil action to seek a stay of discovery when there is a parallel criminal proceeding, which . . . involves common questions of law or fact." *Bureerong v. Uvawas*, 167 F.R.D. 83, 86 (C.D. Cal. 1996) (citing cases). Such intervention may be permitted regardless of whether the criminal proceeding is "anticipated or already underway." *Id.* The Court credits the USAO's assertion that the pending criminal investigation involves a "nearly complete factual overlap" with the present case. (ECF No. 15 at 2.) The Court finds intervention is appropriate under Rule 24(b)(1)(B), because "common questions of fact exist between the pending criminal action and the parallel civil proceeding, such that intervention should be permitted for the limited purpose of consideration of the motion for a temporary stay of

discovery." *SEC v. Sandifur*, No. C05-1631 C, 2006 WL 3692611, at *2 (W.D. Wash. Dec. 11, 2006). The USAO's motion to intervene is accordingly granted.

### B. Motion to Stay

"The Constitution does not ordinarily require a stay of civil proceedings pending the outcome of criminal proceedings." *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324–25 (9th Cir. 1995) (citing *Fed. Sav. & Loan Ins. Corp. v. Molinaro*, 889 F.2d 899, 902 (9th Cir. 1989); *SEC v. Dresser Indus.*, 628 F.2d 1368, 1375 (D.C. Cir. 1980)). Nonetheless, a court has discretion to stay civil proceedings when required by the interests of justice. *Id.* (citing *Dresser*, 628 F.2d at 1375). "The decision whether to stay civil proceedings in the face of a parallel criminal proceeding should be made 'in light of the particular circumstances and competing interests involved in the case.'" *Id.* (quoting *Molinaro,* 889 F.2d at 902). In making this determination, the Court considers the extent to which the defendant's Fifth Amendment rights are implicated, as well as the following five factors:

> (1) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation.

*Id.* at 324–25 (citing *Molinaro*, 889 F.2d at 902, 903).

Here, the Court concludes these factors weigh against a stay because a parallel criminal proceeding is not yet pending.

First, the Court considers the parties' interests, including those of the USAO as intervenor. As mentioned above, the SEC takes no position on the motion. The USAO argues civil discovery will burden both the SEC and Boucher, and sets out its interest in intervening to prevent civil discovery. The USAO asserts the SEC will suffer prejudice absent a stay because Boucher will be able to resist the SEC's discovery demands by asserting his Fifth Amendment rights while simultaneously pursuing a full range of civil

discovery. Further, the USAO contends the SEC's discovery demands will force Boucher into an unfair choice, because he may wish to invoke his Fifth Amendment rights in response to questions about conduct for which he is criminally charged, but such invocation could produce a negative inference in the civil proceeding.

Defendants argues a stay based on an alleged parallel criminal proceeding that does not yet exist will create a substantial burden on Boucher by effectively shutting down his ability to conduct discovery. Defendants reiterate the SEC did not move to stay this case, and argue that any prejudice to the SEC or USAO arises from the government's decision to file the instant civil case against Boucher prior to the completion of a criminal investigation or an indictment.

The USAO's argument is flawed in that it presumes indictment. At this time, no criminal charges have yet been filed against Boucher. Thus, any potential impact of a criminal proceeding on this case is highly speculative. "The case for staying civil proceedings is a far weaker one when no indictment has been returned, and no Fifth Amendment privilege is threatened." *Molinaro*, 889 F.2d at 903. "[C]ourts generally disfavor issuing a stay of civil proceedings in the absence of a criminal indictment." *CommScope, Inc. of N. Carolina v. Electro Prod., Inc.*, No. CV-06-0577RSM, 2007 WL 9775629, at *2 (W.D. Wash. Feb. 12, 2007); *see U.S. Commodity Futures Trading Comm'n v. A.S. Templeton Group, Inc.*, 297 F. Supp. 2d 531 (E.D.N.Y. 2003) (stating pre-indictment requests for stays of civil proceedings are generally denied). *But see SEC v. Offill*, No. CIV.A.3:07-CV-1643-D, 2008 WL 958072, at *3 (N.D. Tex. Apr. 9, 2008) ("[A]lthough criminal charges have not yet been filed . . . , this fact does not militate against granting a stay of discovery."). Courts have declined to issue stays even where the subject matter of the civil proceeding overlaps with an ongoing criminal investigation. *See, e.g.*, *Sandifur*, 2006 WL 1719920, at *2 (denying pre-indictment stay where criminal investigation "overlaps 100% with the subject matter of the [civil] action"). Here, given the absence of a pending criminal proceeding, the impact on the parties remains largely hypothetical and thus does not favor a stay. *See SEC v. Rampoldi*, No. 16CV2017-MMA

(DHB), 2016 WL 11621801, at *2 (S.D. Cal. Oct. 27, 2016) (denying motion to stay in part because "anticipated potential events do not warrant an immediate stay of the proceedings"); *see SEC v. Mazzo*, No. SACV 12-1327-DOC ANX, 2013 WL 812503, at *2 (C.D. Cal. Feb. 25, 2013) (denying U.S. Attorney's motion to stay and stating "broad claims of possible abuse" of civil discovery "are generally not sufficient to support a stay").

Moreover, at this time, judicial efficiency weighs against a stay. This factor, which considers "the convenience of the court in the management of its cases, and the efficient use of judicial resources," *Keating*, 45 F.3d at 325, " 'normally does not favor granting a stay' because the court has 'an interest in clearing its docket.' " *Sanrio, Inc. v. Ronnie Home Textile Inc.*, No. 2:14-CV-06369-RSWL, 2015 WL 1062035, at *4 (C.D. Cal. Mar. 10, 2015) (quoting *ESG Capital Partners LP v. Stratos*, 22 F. Supp. 3d 1042, 1047 (C.D. Cal. 2014)). The USAO argues staying this case will allow the Court to focus on the criminal case. However, no criminal case exists yet. Staying this case will not promote judicial efficiency given the uncertainty of if and when an indictment will be returned against Boucher. The Court declines to hinder the progress of this case by granting an "essentially indefinite stay of the entire action." *Rampoldi*, 2016 WL 11621801, at *1 (denying United States' motion to stay); *cf. Bureerong*, 167 F.R.D. at 87 (granting stay where criminal trial was scheduled and stay was likely to last only three to four months).

Further, with respect to the public interest, "[t]he alleged victims of Defendants' actions and the public at large have a strong interest in a speedy resolution of this civil action." *A.S. Templeton Grp.*, 297 F. Supp. 2d at 535. This is especially true where, as here, a federal regulatory agency has been entrusted with protecting the public through enforcement actions. *See id.* (citing *SEC v. Gilbert*, 79 F.R.D. 683, 686 (S.D.N.Y. 1978).

The USAO argues the criminal "investigation and possible prosecution" will vindicate substantially the same public interest, and thus it should take precedence over this civil case because the criminal case implicates Boucher's liberty interests. (ECF No. 15 at 12.) While the public interest may well favor a resolution of the criminal matter first, the fact remains that no criminal case has been filed yet. *See State Farm Mut. Auto. Ins.*

*Co. v. Beckham-Easley*, No. CIV.A. 01-5530, 2002 WL 31111766, at *4 (E.D. Pa. Sept. 18, 2002) ("There is a public interest in having financial institutions promptly recover misappropriated funds, especially when weighed against the interests of defendants facing speculative criminal charges.") (citing *Citibank, N.A. v. Hakim*, No. 92 CIV. 6233 (MBM), 1993 WL 481335, at *2 (S.D.N.Y. Nov. 18, 1993)).  The Court finds the public's interest in the resolution of this ongoing civil action outweighs its interest in a hypothetical criminal case at this time.

At the present moment, the particular circumstances of this case do not support a stay.  The United States' motion to stay is therefore denied.  Should criminal charges ultimately be filed against Boucher, the United States may renew its motion at that time.

### III.

### CONCLUSION AND ORDER

For the reasons stated above, the Court GRANTS the United States' motion to intervene and DENIES the United States' motion to stay without prejudice.

**IT IS SO ORDERED.**

Dated:  January 29, 2021

Hon. Dana M. Sabraw, Chief Judge
United States District Court