UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>MARK J. BOUCHER and STRATEGIC WEALTH ADVISOR GROUP SERVICES, INC.,<br><br>Defendant. | Case No.:  3:20-CV-1650-DMS (MSB)<br><br>**ORDER DENYING MOTION TO STAY PROCEEDINGS** |

Pending before the Court is a Motion by Defendants Mark J. Boucher and Strategic Wealth Advisor Group Services, Inc. ("SWAG") to stay proceedings in the instant case pending the resolution of criminal proceedings in *United States of America v. Mark J. Boucher*, 3:21-CR-2872-BAS.  For the following reasons, the motion to stay is denied.

# I.
# BACKGROUND

This case arises out of an alleged fraudulent scheme by a professional investment advisor, Defendant Boucher, and his investment advisory firm, Defendant SWAG, to misappropriate over $2 million from three clients.  (*See* Compl., ECF No. 1, at ¶¶ 4–12.)

On August 25, 2020, the Securities and Exchange Commission ("SEC") filed a civil complaint charging Defendants with violating several antifraud provisions under the Securities Act of 1933 and the Securities Exchange Act of 1934. (*See* Compl., ECF No. 1.) Defendants filed an answer on November 9, 2020. (ECF No. 5.) On December 28, 2020, the United States, through the U.S. Attorney's Office for the Southern District of California (USAO), moved to intervene and to stay proceedings. (ECF No. 15.) The Court granted the former and denied the latter motion, both of which were opposed by the Defendants. (ECF No. 16.) The parties then conducted discovery, overseen by Judge Michael S. Berg. (*See* ECF No. 13.) Defendant Mark J. Boucher was criminally indicted on October 5, 2021, based on the same factual allegations as in the instant case. (ECF No. 33 at 3.)

Plaintiff SEC filed for summary judgment on October 6, 2021. (ECF No. 32.) On October 18, 2021, Defendants filed the instant motion to stay, which Plaintiff SEC opposed. (ECF Nos. 33, 35.)

## II.
## LEGAL STANDARD

A court has broad discretion to stay proceedings as part of the inherent power to control its docket. *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "While a district court may stay civil proceedings pending the outcome of parallel criminal proceedings, such action is not required by the Constitution." *Fed. Sav. & Loan Ins. Corp. v. Molinaro*, 889 F.2d 899, 902 (9th Cir. 1989) (citing *Securities & Exchange Comm'n v. Dresser Indus.*, 628 F.2d 1368, 1375 (D.C.Cir.), *cert. denied*, 449 U.S. 993 (1980)). Indeed, "In the absence of substantial prejudice to the rights of the parties involved, such parallel proceedings are unobjectionable under our jurisprudence." *Dresser*, 628 F.2d at 1374.

However, a court may exercise its discretion to stay civil proceedings when the interests of justice require such action. *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir.1995). In so deciding, a court should consider the circumstances and interests involved in the case, especially "the extent to which the defendant's fifth

amendment rights are implicated." *Id.* (quoting *Molinaro*, 889 F.2d at 902). The court should additionally consider:

> (1) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation.

*Id.* at 325 (citing *Molinaro*, 889 F.2d at 902, 903).

### III.

### DISCUSSION

The Court first considers how Defendant Boucher's Fifth Amendment privilege is impacted by the instant case, and then considers the remaining *Keating* factors.

**A. Implication of Fifth Amendment Rights**

"A defendant has no absolute right not to be forced to choose between testifying in a civil matter and asserting his Fifth Amendment privilege." *Keating*, 45 F.3d at 326. While the extent to which a defendant's Fifth Amendment rights are implicated is a "significant factor" to be considered, it is still "only one consideration to be weighed against others." *Id.* That the trier of fact in a civil case can draw an adverse inference when a party invokes the Fifth Amendment is not enough alone to compel a stay. *Id.* Further, "a stay is not warranted where a defendant's Fifth Amendment rights can be protected through less drastic means, such as asserting the privilege on a question-by-question basis." *ESG Cap. Partners LP v. Stratos*, 22 F. Supp. 3d 1042, 1045–46 (C.D. Cal. 2014) (internal quotation and citation omitted). Nonetheless, one of "the strongest case[s] for deferring civil proceedings until after completion of criminal proceedings is where a party under indictment for a serious offense is required to defend a civil or administrative action involving the same matter." *Dresser*, 628 F.2d at 1375–76.

Here, the civil and criminal proceedings involve the same alleged conduct, thus certainly implicating Defendant Boucher's Fifth Amendment rights.[1] However, Defendants previously argued against a stay, stating it would effectively shut down their ability to conduct discovery. (ECF No. 16 at 5–6.) Now that they have benefited from discovery,[2] Defendants argue that proceeding with this case will unfairly burden them. Defendants here cannot have it both ways, asserting that they must have access to discovery but not be subjected to portions of the trial process that might raise self-incrimination concerns. This is especially true here, as much of the impact on Defendant Boucher's Fifth Amendment rights has already been felt. Defendant Boucher asserted his Fifth Amendment privilege not only "on a question-by-question basis," *Stratos*, 22 F. Supp. 3d at 1046, but as to his entire noticed deposition, for which he failed to appear and asserted his privilege via his attorney. (ECF No. 35 at 3.) Defendant Boucher has thus already begun choosing "between testifying in [this] civil matter and asserting his Fifth Amendment privilege." *Keating*, 45 F.3d at 326.

Defendants argue the landscape has changed entirely now that Defendant Boucher has been indicted, which renders Defendants unable to adequately oppose Plaintiff's summary judgment motion "without waiving" Mr. Boucher's Fifth Amendment privilege. (ECF No. 36 at 2; *see also* ECF No. 33 at 6–7.) However, Plaintiff argues Defendants have been aware of likely charges since at least December 2020 (ECF No. 15), and indeed Defendant Boucher has invoked his Fifth Amendment privilege several times ahead of the

---

[1] Defendant Boucher can invoke his Fifth Amendment rights, both in his individual capacity and in some instances as a principal speaking on behalf of defendant entity SWAG. *See Curcio v. United States*, 354 U.S. 118, 123– 25 (1957) (describing the privilege against self-incrimination as applying to corporate officers' testimony); *Braswell v. United States*, 487 U.S. 99, 104 (1988) (repeating that where a business is a sole proprietorship a party must be given an opportunity to show an act of production would entail testimonial self-incrimination).

[2] Defendants have taken multiple depositions and received Plaintiff SEC's investigative file. (ECF No. 35 at 3.)

indictment and can continue to do so. (ECF No. 35 at 3.) In short, while Defendant Boucher's Fifth Amendment rights are implicated, this impact is not newly arising and is not significant enough alone to require a stay.

### B. Remaining *Keating* Factors

#### 1. Plaintiff's Interest

Plaintiff SEC has an interest in the timely resolution of this case. "Certainly, as the agency responsible for enforcement of the securities laws, the SEC must be able to respond quickly to securities violations and seek prompt judicial redress." *S.E.C. v. Alexander*, No. 10-CV-04535-LHK, 2010 WL 5388000, at *4 (N.D. Cal. Dec. 22, 2010). This interest is somewhat mitigated as the pending criminal case arises from the same facts and may vindicate similar enforcement and deterrence goals. (ECF No. 15 at 2.) Further, Plaintiff has identified no particular prejudice that would flow from a delay in this case.

However, as the criminal case has just begun and there is currently no trial date set, Defendants would require a stay of unknown length. Generally, "A stay should not be granted unless it appears likely the other proceedings will be concluded within a reasonable time in relation to the urgency of the claims presented to the court." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 864 (9th Cir. 1979). As Plaintiff has already been litigating this case for over a year, to pause for another year or more to seek redress for the alleged violations impairs Plaintiff's interest and thus weighs against granting a stay.

#### 2. Burden on Defendants

In addition to the Fifth Amendment concerns, Defendants fairly argue there is a substantial burden in defending against two cases at once. (ECF No. 33 at 6–7.) However, the instant case has been ongoing for over a year, and "The Ninth Circuit has found that where a defendant has had adequate time to prepare for a related civil trial, the burden on the defendant is substantially diminished." *Stratos*, 22 F. Supp. 3d at 1046 (citing *Keating*, 45 F.3d at 325). Further, Defendants were aware for months of the likely pending criminal indictment and yet affirmatively opposed the stay that was sought by the USAO in this case. (*See* ECF No. 16.) "The court is disinclined to grant defendants a stay simply because

the [government] decided to file charges before, and not after, the civil trial. To rule otherwise would give defendants an unfair advantage by allowing them to use the shield of the Fifth Amendment as a sword to delay the civil action." *IBM Corp. v. Brown*, 857 F. Supp. 1384, 1390 (C.D. Cal. 1994). As there is no date yet set for the criminal trial, there are no scheduling conflicts or overlapping dates. The challenges Defendants face in defending against two parallel actions were foreseeable and are manageable, particularly where Defendants opposed a stay of the civil proceedings and actively sought and obtained discovery, which will assist their defense in both the civil and criminal proceedings. Thus, the burden on Defendants is not so great as to foreclose a stay.

### 3. Judicial Efficiency

In some instances of parallel proceedings, it is more efficient to have the criminal case go forward while the civil action is stayed. *See Bureerong v. Uvawas*, 167 F.R.D. 83, 87 (C.D. Cal. 1996) (granting stay where criminal trial was scheduled and stay was likely to last only three to four months). But where the parties are close to trial in the civil matter, a delay would require much of the pre-trial "work to be redone later," which thus favors proceeding. *Brown*, 857 F. Supp. at 1392 (denying a motion to stay filed three weeks before trial). Here, the parties have conducted substantial discovery in the civil case and Plaintiff has filed a motion for summary judgment. There is no date set for the criminal trial, while trial in this matter is set for March 14, 2022, just over four months from now. Letting the instant case languish at such a late stage when the criminal case has just begun is inefficient. "Staying a civil case until the resolution of a criminal case is inconvenient for the court, especially where—like in [Defendants'] situation—there is no date set for the criminal trial." *Stratos*, 22 F. Supp. 3d at 1047. Thus, this factor weighs against granting a stay.

### 4. Interests of Non-Parties and the Public

Plaintiffs note the interests of the non-party alleged victims, and the public generally, in seeing this case resolved. (ECF No. 39 at 11.) Indeed, there is a "public interest in expeditious civil litigation" in cases brought by "a federal agency entrusted with protecting

investors," which is the position of Plaintiff SEC here. *S.E.C. v. Alexander*, No. 10-CV-04535-LHK, 2010 WL 5388000, at *6 (N.D. Cal. Dec. 22, 2010) (noting "the Ninth Circuit has recognized that delay of enforcement proceedings may be detrimental to public confidence in an agency's enforcement scheme") (citing *Keating*, 45 F.3d at 326). While not dispositive, these factors weigh against granting a stay.

## IV.
## CONCLUSION AND ORDER

For the reasons set out above, Defendants' motion to stay this case pending resolution of the criminal case is denied without prejudice.

**IT IS SO ORDERED.**

Dated: November 8, 2021

Hon. Dana M. Sabraw, Chief Judge
United States District Court