# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, <br><br>        Plaintiff/Garnishor, <br><br>    vs. <br><br>MARK J. BOUCHER; STRATEGIC WEALTH ADVISOR GROUP SERVICES, INC., <br><br>        Defendant, <br>    and <br><br>THE VANGUARD GROUP, and its successors or assigns, <br><br>        Garnishee. | Case No. 3:20-cv-01650-DMS-MSB <br><br>**ORDER REQUIRING SUPPLEMENTAL BRIEFING; and DENYING MOTION FOR APPOINTMENT OF COUNSEL** |

Pending before the Court are Defendant Mark Boucher's claim for exemption from garnishment and motion to dissolve writs of garnishment. (*See* ECF Nos. 96, 99.) This matter was heard on March 23, 2026. (ECF No. 104.) Attorney Michael Roessner appeared for the United States Securities and Exchange Commission ("SEC"), and Defendant appeared pro se. (*Id.*)

/ / /

/ / /

1

## I.   SUPPLEMENTAL BRIEFING

In his briefing and at the hearing, Defendant argued that the exemptions for (1) receipt of and property traceable to "a payment . . . on account of personal bodily injury," 11 U.S.C. § 522(d)(11)(C), and (2) "an award of damages or a settlement arising out of personal injury . . . to the extent necessary for the support of the judgment debtor and the spouse and dependents of the judgment debtor," Cal. Code Civ. Proc. § 704.140, are applicable because his brokerage accounts are in part the product of a settlement arising from a "hit-and-run" case in which he was a party.  (ECF No. 96, at 1, 7.)  In light of this representation, the Court **ORDERS** Defendant to provide evidence that he received a payment on account of personal bodily injury and that such money was placed into his brokerage accounts no later than **May 4, 2026**.

## II.   MOTION TO APPOINT COUNSEL

Defendant previously requested that the Court appoint an attorney because he is "a layman," "indigent" and has cognitive and comprehensive deficiencies.  (ECF No. 99, at 2.)  The Court denied his motion.  (*See* ECF No. 103, at 3.)  Defendant reraised his motion at the hearing, arguing various medical ailments made it difficult for him to present his case.  While the Court appreciates Defendant's arguments, the scope of the supplemental briefing is narrow, and Defendant has shown a sufficient level of comprehension via his filings and presentation at the hearing.  Thus, the Court finds appointing counsel is not necessary and **DENIES** Defendant's motion to appoint counsel.

**IT IS SO ORDERED.**

Dated:  March 24, 2026

Hon. Dana M. Sabraw
United States District Judge

20-cv-01650-DMS-MSB